IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No. 3:23-CV-00477

AMBER MILLS, an individual,

    Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), by and through its undersigned counsel, hereby responds to Plaintiff's Amended Complaint as follows:

**NATURE OF THE ACTION AND VENUE**

1. State Farm denies the allegations as set forth in Paragraph 1 as phrased.

2. State Farm admits Plaintiff is seeking in excess of $50,000.00, exclusive of costs and attorney's fees, interest and costs, but denies Plaintiff is entitled to recover such amounts from State Farm.

3. State Farm admits in part and denies in part the allegations in Paragraph 3. Paragraph 3 is admitted to the extent Plaintiff's Amended Complaint states the subject underlying accident occurred in Duval County and the underlying lawsuit was filed in Duval County. The remaining allegations of Paragraph 3 are denied.

## **GENERAL ALLEGATIONS**

4. State Farm admits the allegations as set forth in Paragraph 4 based upon information and belief.

5. State Farm admits the allegations as set forth in Paragraph 5 based upon information and belief.

6. State Farm admits the allegations as set forth in Paragraph 6 to the extent State Farm is a mutual company that is domiciled in the state of Illinois with its principal place of business in Bloomington, Illinois. State Farm admits that it sells insurance in the state of Florida. State Farm denies the remaining allegations set forth in paragraph 6.

7. State Farm admits the allegations as set forth in Paragraph 7 to the extent the subject policy, Policy No. 6499-934-59, speaks for itself as to the terms, conditions, exclusions and provision of the subject policy.

8. State Farm denies the allegations set forth in Paragraph 8.

9. State Farm admits the allegations as set forth in Paragraph 9 to the extent liability was conceded in the underlying action and denies the remaining allegations as set forth in Paragraph 9.

10. State Farm denies the allegations as set forth in Paragraph 10.

11. State Farm admits the the allegations set forth in Paragraph 11 to the extent the February 18, 2022 letter referenced speaks for itself

12. State Farm admits the allegations set forth in Paragraph 12 to the extent offers were made in the amount of $6550 and $7000 to settle the claim, denied for any other intent or purpose.

13. State Farm admits the allegations as set forth in Paragraph 13 to the extent the claim did not settle, denied for any other purpose or intent.

05293024

14. State Farm denies the allegations as set forth in Paragraph 14.

15. State Farm denies the allegations as set forth in Paragraph 15.

16. State Farm denies the allegations as set forth in Paragraph 16 as to offers and admits the jury rendered a verdict on February 13, 2023, in the amount of $245,782.

17. State Farm denies the allegations as set forth in Paragraph 17.

18. State Farm denies the allegations as set forth in paragraph 18.

19. State Farm is without information as to the allegations in Paragraph 19, therefore denied.

## COUNT I- COMMON LAW BAD FAITH

20. State Farm re-states and incorporates herein all responses to Paragraphs 1-19.

21. State Farm denies the allegations set forth in Paragraph 21 as same call for a legal conclusion. State Farm further objects to the extent Plaintiff's allegations contain incomplete statements of the law and/or duties owed by State Farm.

22. State Farm denies the allegations set forth in Paragraph 22 as same call for a legal conclusion. State Farm further objects to the extent Plaintiff's allegations contain incomplete statements of the law and/or duties owed by State Farm.

23. State Farm denies the allegations set forth in Paragraph 23 as phrased.

24. State Farm admit the allegations set forth in Paragraph 24 to the extent that counsel for Plaintiff offered to settle for the subject $25,000 policy limits. The remainder of Paragraph 24 is denied.

25. State Farm denies the allegations set forth in Paragraph 25 and moves to strike any reference to unfair claim settlement practices as Paragraph 25 calls for a legal conclusion.

26. State Farm denies the allegations set forth in Paragraph 26.

27. State Farm denies the allegations set forth in Paragraph 27.

05293024

28. State Farm denies the allegations set forth in Paragraph 28 and objects to any request for consequential damages.

29. State Farm denies the allegations set forth in Paragraph 29.

## GENERAL DENIALS AND DEMAND FOR JURY TRIAL

1. To the extent the WHEREFORE Clause of Plaintiff's Amended Complaint sets forth allegations against State Farm, same are denied.

2. State Farm denies all allegations of Plaintiff's Amended Complaint that are not specifically admitted herein and demands strict proof thereof.

3. State Farm denies that Plaintiff is entitled to judgment, or the relief sought in this action.

4. State Farm demands trial by jury of this matter.

5. Plaintiff Mills is not entitled to bring a claim for attorney's fees.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. State Farm is entitled to a set-off against the payments in the underlying action.

3. State Farm did not have a realistic opportunity to settle within policy limits.

Respectfully submitted this 24th day of April, 2023.

BOYD & JENERETTE, P.A.

_____
KRISTEN M. VAN DER LINDE
Florida Bar No. 964573
PAMELA J. NELSON
Florida Bar No. 949700
201 North Hogan Street, Suite 400
Jacksonville, Florida 32202
904-353-6241 - Telephone
904-353-2863 - Facsimile
*Attorneys for State Farm Mutual Automobile Insurance Company*

05293024

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day to Howard Butler, Esq. & Drew Baskin, Esq. (hgb@butlerlawgroup.net, dwb@butlerlawgroup.net, paralegal@butlerlawgroup.net) Butler Law Group, 1506 Prudential Dr, Jacksonville, FL 32207, on this 24th day of April, 2023.

                  BOYD & JENERETTE, P.A.

                  _____
                  **ATTORNEY**

05293024