Filing # 169590356 E-Filed 03/24/2023 02:08:06 PM

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA
CASE NO.: 2023-CA-004068
DIVISION: CV-G

AMBER MILLS, an individual

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, a for-profit, foreign
corporation,

    Defendant.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMBER MILLS ("Mrs. Mills), sues Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm") a for-profit corporation and as grounds therefore would state:

### NATURE OF THE ACTION, JURISDICTION AND VENUE

1. This is an action for damages resulting from State Farm's failure to settle Mrs. Mills claim against its insured Mary Laseter ("Mrs. Laseter"), when it could have and should have done so.

2. This is an action for damages in excess of fifty thousand dollars ($50,000.00), exclusive of costs and attorney's fees, interest and costs.

3. Venue is proper in this Court because the acts giving rise to this action occurred in Duval County, Florida. The subject accident occurred in Duval County, Florida, the underlying lawsuit was filed in Duval County, Florida and the insurance contract between State Farm and its insured, Mary Laseter, was issued in Duval County, Florida and the failure(s) to

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 03/27/2023 02:30:27 PM

settle the claim occurred in Duval County, Florida.

## GENERAL ALLEGATIONS

4. At all times material to this cause, the Plaintiff, Amber Mills was a resident of and domiciled in Duval County, Florida.

5. At all times material to this cause, State Farm's insured, Mary Laseter, was a resident of and domiciled in Duval County, Florida.

6. Upon information and belief, State Farm is a foreign corporation with its principal place of business in Bloomington, Illinois. At all times material to this cause State Farm maintains offices in Florida, was licensed to sell and actively engaged in the business of selling insurance in Florida.

7. <u>The Policy</u>: State Farm issued a Florida automobile insurance policy to Mary Laseter, Policy No. 649993459C covering a 2008 Honda CR-V that was in effect as of July 29, 2021. A copy of the policy is attached as Exhibit "A." The Policy provided bodily injury limits of $25,000 per person and $50,000 per occurrence.

8. Under the terms of the Policy and the obligations placed on it by Florida law, State Farm was required to use the Policy's limits to settle Mrs. Mills' claim against Mary Laseter.

9. <u>The subject collision</u>: On July 29, 2021, Mary Laseter negligently operated her 2008 Honda CR-V causing a high energy frontal offset collision with the Plaintiff Amber Mills' vehicle resulting in airbag deployments and totaling both vehicles ("subject collision").

10. Mrs. Mills suffered significant injuries to her head, shoulder, right hand and a permanent injury to her C6-7 disc and corresponding nerves as well as related losses as a result of the subject collision. The value of these damages clearly exceeded the Policy's coverage limits.

11. On February 18, 2022, Mrs. Mills, through counsel, sent a letter with supporting

documentation to State Farm and requested tender of the $25,000 policy limits in exchange for a release of all claims against Mary Laseter arising out of the collision.

12. State Farm chose not to settle the claim and, prior to an extended deadline, offered the Plaintiff $6,550 and then $7,000 to settle all claims by Mills.

13. State Farm failed and/or refused to settle Mrs. Mills' claim.

14. Upon information and belief, State Farm failed to timely advise Mrs. Laseter of the settlement opportunities or discuss with her the ramifications of declining or ignoring them.

15. Due to State Farm's failure to settle Mrs. Mills' claim for the policy limits, Mrs. Mills was forced to file a lawsuit against Mrs. Laseter ("the lawsuit").

16. Due to State Farm's refusal to make timely and adequate settlement offers, the lawsuit proceeded to trial on February 13, 2023, resulting in a jury verdict of $245,782 exclusive of taxable costs and interest.

17. Due to State Farm's refusal to make timely and adequate settlement offers, Mrs. Laseter, now 91 years old, is exposed to a personal judgment far in excess of her available auto liability bodily injury protection limits of $25,000.

18. All conditions precedent to bringing this action have been performed or have otherwise occurred including but not limited to an Assignment of Rights as to any and all claims from Laseter to Mills.

19. Mrs. Mills has engaged the undersigned counsel to represent her interests in this cause of action and agreed to pay a reasonable fee for services rendered.

## COUNT I - COMMON LAW BAD FAITH

20. Plaintiff re-alleges and reaffirms the allegations contained in paragraphs 1-19 and further alleges:

21. State Farm had a duty to use the same degree of care and diligence in the investigation and resolution of Mrs. Mills' claim against Mrs. Laseter as a person of ordinary care and prudence would exercise in the management of their business and to fairly evaluate Mrs. Mills' claim against Mrs. Laseter.

22. State Farm had a duty to keep its insured informed, including a duty to advise its insured of the possibility of an excess judgment, the probable outcome of litigation, and all settlement opportunities.

23. State Farm had a fiduciary duty to protect its insured Laseter and to refrain from a business practice which elevated its own financial interests ahead of that of its insured.

24. State Farm was provided with an opportunity to settle Mrs. Mills claim against Mrs. Laseter for the $25,000 policy limits and, squandered that opportunity by making insufficient counteroffers for substantially less than Mrs. Mills' damages and/or by failing to timely tender its minimal policy limits in exchange for a release as to its insured.

25. Defendant, State Farm further owed a duty to its insured Laseter, and the public at large to refrain from engaging in unfair claim settlement practices such as systemically presenting low and clearly unsatisfactory settlement offers on Florida claims including this one during the COVID-19 pandemic when it knew that victims of auto negligence were suffering from hardships caused by the novel coronavirus so as to increase its profits.

26. State Farm breached its fiduciary duties to Mrs. Laseter by failing to settle Mrs. Mills' claim within the policy limits when State Farm could and should have done so, had they acted fairly and honestly and with due regard for Mrs. Laseter's interests.

27. State Farm further breached its fiduciary duties to Mrs. Laseter by failing to timely and adequately advise its insured of the possibility of an excess judgment, the probable outcome

of litigation, and the opportunity of settlement.

28. As a direct and proximate result of State Farm's breach of its duties under the Policy, Mrs. Laseter has suffered and continues to suffer damages in the form of the Final Judgment, interest and any additional consequential damages flowing therefrom.

29. Mrs. Mills continues to suffer damages as a judgment creditor to Mrs. Laseter.

WHEREFORE, Mrs. Mills demands judgment against State Farm for all damages, including unsatisfied amounts of the Amended Final Judgment, pre- and post-judgment interest on the Amended Final Judgment, attorney's fees and costs related to this action, and any other relief permitted under Florida law or that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, AMBER MILLS, hereby demands trial by jury on all issues as set forth herein.

**BUTLER LAW GROUP**

/s/ *Howard Butler*
**HOWARD G. BUTLER, ESQ.**
Florida Bar No. 0503487
**DREW W. BASKIN, ESQ.**
Florida Bar No. 0109388
Attorneys for the Plaintiff
1506 Prudential Drive
Jacksonville, FL 32207
(904) 398-2308
(904) 398-3000 (facsimile)
hgb@butlerlawgroup.net
dwb@butlerlawgroup.net
paralegal@butlerlawgroup.net