IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:23-CV-00477-TJC-LLL

AMBER MILLS, an individual

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE**

COMES NOW, the Plaintiff, AMBER MILLS by and through her undersigned counsel and pursuant to Federal Rules of Civil Procedure respectfully requests this Honorable Court enter an Order denying Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's ("State Farm") Motion to Strike Plaintiff's allegations related to unfair claim settlement practices (Doc. No. 22). In support thereof the Plaintiff would state:

1. The instant case is a third-party common law bad faith claim with an assignment of all claims and rights from State Farm's insured to the Plaintiff. Defendant, State Farm breached its fiduciary duty to their insured by its bad faith claims handlings herein and failure to timely

tender their minimal policy limits which resulted in an excess jury verdict of $245, and Judgments totaling $289,375.95 against State Farm's 91 year old insured, Mary Laseter, exposing her to a personal judgment far in excess of her available auto liability bodily injury limits of $25,000.

2. Defendant's Motion requests this Honorable Court to strike allegations made as to State Farm's unfair claims settlement practices and inaccurately claims such allegations can only be related to punitive damages.

3. This "second bite at the apple" is not well taken as this Defendant previously made this very same argument in opposition to Plaintiff's Motion to Dismiss ( Doc. No. 14) which was denied by the Court (Doc. No. 15).

4. Further, the allegations at issue, if proven, would establish bad faith conduct on the part of State Farm regardless of the absence of a claim for punitive damages.

5. The allegations, if proven, are relevant to establishing mental anguish on the part of State Farm's 91 year old insured, Mary Laseter.

6. The authority cited by this Defendant in support of its Motion to Strike, *Moore v. Geico Gen. Ins. Co.*, 758 Fed. Appx. 726 (11th Cir. Ct. App. 2018), is misleading, unavailing, and not related to the issues of unfair claims settlement practices.

7. On July 14, 2023 Plaintiff set forth in detail with supporting case law her position on the Defendant's Motion to Strike. (Exhibit "A")

8. Nonetheless, State Farm has chosen to file its Motion to Strike necessitating a response by Plaintiff.

## PROCEDURAL POSTURE

### I. Motion to Strike

Federal Rule of Civil Procedure 12(f) governs Motions to Strike and allows the Court to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike is a drastic remedy that will ordinarily be granted only if the material sought to be stricken is insufficient as a matter of law. *Dynamic Motion Rides GmbH v. Universal City Dev. Partners*, 6:21-cv-752-RBD-LHP, Casetext *1, at *8 (M.D. Fla. Nov. 8, 2022) citing *Arthurs v. Glob. TPA LLC,* No. 6:14-cv-1209-Orl-40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015). Motions to strike under Federal Rule of Civil Procedure 12(f) are "decidedly disfavored and are generally time wasters for the Court and counsel." *Id*. quoting *Erdogam v. Suntree Country Club, Inc.*, No. 6:14-cv-1991-Orl-DAB, 2015 WL 12838848, at *1 (M.D. Fla. Feb. 10, 2015). *See also Kubisiak v. Gualtieri*, 8:22-cv-2356-WFJ-SPF, *1, *11 (M.D. Fla. Dec. 1, 2022). When deciding a Motion to Strike the Court must accept the truthfulness

of well-pleaded facts and cannot consider matters beyond the pleadings. *Kubisiak v. Gualtieri*, 8:22-cv-2356-WFJ-SPF Casetext *1, at *5 (M.D. Fla. Dec. 1, 2022).

## MEMORANDUM OF LAW

### I. Bad Faith requires more than "mere negligence"

When considering if an insurer acted in bad faith, the focus of a bad faith case is on the conduct of the insurer in fulfilling its obligations to the insured. *Pelaez v. Gov't Emps. Ins. Co.*, 460 F.Supp 3d 1259, 1266 (M.D. Fla. 2020). **Although bad faith requires more than mere negligence by an insurer**, negligence is relevant to the question of good faith. *Id.* (emphasis added). *See also Altheim v. Geico General Insurance Company*, Case No. 8:10-cv-156-T-24 TBM, *1, *8 (M.D. Fla. Apr. 14, 2011) (finding allegations of failing to adopt and implement proper standards for claims investigation relevant to claim for bad faith failure to settle).

Given the standard for bad faith under which Plaintiff must prevail, the allegations in Plaintiff's Complaint that allege "willful" type conduct on the part of State Farm are relevant to Plaintiff's cause of action regardless of whether such actions can also be deemed punitive.

### II. Evidence of State Farm's general business practices may be relevant to a determination of whether or not they acted in bad faith

"An insurance company's failure to have appropriate procedures in place, as well as its general business practices of not doing things it should be doing,

4

may be evidence of bad faith." *Altheim v. Geico General Insurance Company*, Case No. 8:10-cv-156-T-24 TBM, *1, *8-9 (M.D. Fla. Apr. 14, 2011); See *Hayas v. Geico Gen. Ins. Co.*, Case No. 8:13-cv-1432-T-33AEP, Casetext *1, at *23 (Insurance Company's motion in third party bad faith action to exclude evidence of its internal policies and procedures denied); See also *Kearney v. Auto-Owners Insurance Company*, Case No. 8:06-cv-595-T-24TGW (M.D. Fla. Nov. 5, 2009)(Court denied insurance company's motion in limine to exclude evidence of general business practice of (1) never paying claim under excess UM policy without insured first filing suit, (2) never paying a claim under excess UM policy, (3) failing to adopt and implement standards for properly investigating claims, (4) general business practice of storing data in unorganized fashion).

Contrary to State Farm's assertions, federal courts in our jurisdiction have found general business practices to be relevant to a determination of bad faith and, at this stage of the proceedings, striking or otherwise making final determinations on Plaintiff's allegations related to these issues is premature.

Nonetheless, State Farm cites to *Moore v. Geico Gen. Ins. Co.*, 758 Fed. Appx. 726 (11th Cir. Ct. App. 2018) in support of its assertion that "evidence of State Farm's business practices, other than the specific actions it took on Plaintiff's [Mills] liability claim, would constitute improper evidence of comparison claims handling."(Doc. No. 22 at page 8). A review of *Moore v. Geico Gen. Ins. Co.*,

5

reveals that it involved comparison of two separate insurers, Geico and Peak Property & Casualty, as well as two separate and distinct types of insurance coverage (bodily injury and property damage). This decision has no bearing as to Plaintiff's allegations which are related to State Farm's business practice as to its Florida claims handling. As such, it is not properly considered a "comparison" when it is simply State Farm's own claims handling without any comparison to another automobile insurance company as was the case in *Moore*.

### III. Florida Statute 624.155 merely codified and extended the remedies already available to third-party claimants to first-party claimants.

The Florida Supreme Court has noted that, "the same obligations of good faith that existed for insurers dealing with their insureds in the third-party context were extended by statute to the first-party context. *Macola v. Government Emply*, 953 So.2d 451, 456 (Fla. 2007). The purpose and history behind the enactment of Fla. Stat. 624.155 was to codify those remedies that were available to third party bad faith claimants for first-party bad faith claimants. *Northfield Ins. Co. v. Rockhill Ins. Co.*, Case No. 3:19-cv-625-J-32MCR, Casetext *1 at *6 (M.D. Fla. Nov. 26, 2019).

As such, State Farm's attempts to distinguish a third-party bad faith claim and remedies available versus a bad faith claim brought under 624.155 are unavailing to the extent that they suggest third-party claimants cannot make these allegations in a common law action.

**IV.   State Farm's general business practices may be relevant to establishing a mental anguish claim on part of Mary Laseter**

In common law third party suits, our supreme court has limited recovery of damages for mental pain and suffering to situations where the insurer's conduct is so gross and extreme as to amount to an independent tort, and to merit the award of punitive damages. <u>Dunn v. Nat. Sec. Fire and Cas. Co.</u>, 631 So.2d 1103, 1107 (5th DCA, 1994).

In exploring Mary Laseter's mental anguish claim (which Plaintiff via assignment of all rights and claims by Mary Laseter is entitled to bring), is separate and apart from punitive damages. As such, the allegations Defendant State Farm seeks to strike and would be material to establishing any such mental anguish.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on July 20, 2023, a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via CM/ECF, on July 06, 2023.

                                        **BUTLER LAW GROUP**

                                        <u>/s/ Howard Butler</u>
                                        **HOWARD G. BUTLER, ESQ.**
                                        Florida Bar No. 0503487
                                        **DREW BASKIN, ESQ.**
                                        Florida Bar No. 0109388

>1506 Prudential Drive
>Jacksonville, Florida 32207
>hobutler@bellsouth.net
>(904) 398-2308
>(904) 398-3000 (facsimile)
>Co-counsel for the Plaintiff
>hgb@butlerlawgroup.net
>dwb@butlerlawgroup.net
>wje@butlerlawgroup.net

8